# Joseph Saveri Law Firm

601 California Street
Suite 1505
San Francisco, CA 94108

Tel. 415-500-6800
Fax 415-395-9540

February 5, 2026

To:  The Honorable Judges of the United States District Court, Southern District of New York

Re:  *Kajan Johnson, Clarence Dollaway, Tristan Connelly, Mikhail Cirkunovs, and Phil Davis v. Mark Shapiro and Seth Krauss*
Case No. 1:26-mc-0052
Request for Pre-Motion Discovery Conference re Motion to Compel Subpoena Compliance and Motion for Transfer

Your Honors:

Kajan Johnson, Clarence Dollaway, Tristan Connelly, Phil Davis, and Mikhail Cirkunovs "Plaintiffs" in the Underlying Class Actions[1] seek an informal pre-motion discovery conference with the Court regarding their (1) planned motion to compel production of communications held on mobile devices responsive to Plaintiffs' subpoenas *duces tecum* to Mark Shapiro and Seth Krauss (the "Subpoenas") and (2) request to transfer the motion to the District of Nevada, pursuant to Judge Boulware's expressed intent to manage this dispute in the context of the party discovery to which it relates, which includes an ongoing spoliation investigation.

As set forth below, Mr. Shapiro and Mr. Krauss are each executives of the Defendants in the Underlying Class Actions. Through their counsel—which also acts as counsel for Defendants in the Underlying Class Actions—they have engaged in a prolonged, bad faith refusal to engage in discovery in defiance of repeated admonition from Hon. Boulware.

Messrs. Shapiro and Krauss are believed to be in possession of relevant text messages and communications responsive to Plaintiffs' Subpoenas on their mobile devices (the "Responsive

---

[1] Plaintiffs represent classes of MMA fighters in the following three class actions: *Kajan Johnson, et al. v. Zuffa LLC, et al.*, No. 2:21-cv-01189-RFB-BNW (D. Nev.) ("*Johnson*"); *Cirkunovs v. Zuffa, LLC*, No. 2:25-cv-00914-RFB-BNW (D. Nev) ("*Cirkunovs*"); and *Davis v. Zuffa, LLC*, No. 2:25-cv-00946-RFB-BNW (D. Nev.) ("*Davis,*" together with *Johnson* and *Cirkunovs*, the "Underlying Class Actions"). The Honorable Richard F. Boulware, II, is presiding over all three Underlying Class Actions. The Underlying Class Actions allege violations of Section 2 of the Sherman Act, 15 U.S.C. § 2 and arise out of the same nucleus of facts and allegations against Defendants. Any order obtained in *Johnson* is relevant to the claims of Plaintiff Mikhail Cirkunovs in the *Cirkunovs* action (*see* ECF No. 2, Notice of Related Case), and to individual and representative Plaintiff Phil Davis in the *Davis* action (ECF No. 4, Notice of Related Case).

The Underlying Class Actions are continuations of an earlier class action which brought identical allegations based on the same nucleus of facts, but for an earlier class period, captioned *Le et al., v. Zuffa, LLC, et al.*, Case No. 15-cv-01045-RFB-BNW. (D. Nev.) ("*Le*"), also under Judge Boulware, which settled last year.

*Johnson, et al. v. Shapiro, et al.*
Case No. 1:26-mc-0052
February 5, 2026

Materials"). After extensive negotiations, Defendants agreed in writing to produce the Responsive Materials on May 19, 2025, yet to date have failed to live up to that pledge.

**1) The Underlying Class Actions.** Plaintiffs are professional mixed martial arts ("MMA") fighters. The Ultimate Fighting Championship (aka UFC) is by far the largest MMA promoter in the United States and the world. Plaintiffs allege the UFC unlawfully obtained a monopoly in the output market for promoting live MMA events, and a monopsony in the relevant input market for the services of professional MMA fighters. The UFC exploits its unlawfully obtained market power to squelch competition in the output market and suppress compensation to MMA fighters (the class members) in the input market.

In 2016, a precursor to Endeavor purchased a controlling interest in the UFC. In 2023, Endeavor purchased the remainder through its wholly owned subsidiary TKO, which now owns and operates the UFC. Endeavor has been actively involved in the operation of the UFC's day-to-day business since 2016 and has continued to do so through TKO since 2023.

**2) Defendants have engaged in obstruction, obfuscation, and delay in the Underlying Class Actions, which Judge Boulware is actively engaged in adjudicating.** Plaintiffs first sought relevant evidence from Defendants' employees' mobile devices through requests for production. Defendants refused to produce documents or communications from employee and director phones claiming they lacked possession, custody or control over devices used for work because they were purportedly personal. While Plaintiffs contested that position, Plaintiffs then prepared subpoenas for service on 23 individual employees and directors, including Messrs. Shapiro and Krauss. After first refusing to accept service, Defendants' counsel agreed to represent the individual employees and accept service on their behalf. Still, they then objected to the subpoenas in part on the basis that Plaintiffs should have sought the documents directly from Defendants, who were represented by the same counsel, a catch-22 defense that defies comprehension, and asserted they "refuse to produce any documents . . . unless a court orders otherwise."

Defendants' counsel prepared these non-responses even after Judge Boulware's admonition at the February 19, 2025 Status Conference that "[Defendants] don't get to not participate in discovery without an order staying discovery." Defendants' coordinated obstruction on these discovery requests across the board led in part to Plaintiffs filing a motion for sanctions, which remains a pending matter before the Underlying Court.

About five weeks after service of those non-responses, Messrs. Krauss and Shapiro, amongst the other individual subpoena recipients, agreed through their shared counsel "to . . . produce non-privileged, non-duplicative, responsive documents that are reasonably accessible and created in the ordinary course of business and reside in [their] personal devices and personal communication channels[.]" They have not, and now refuse to.

On June 3, 2025, Judge Boulware ordered Defendants to produce a list of the phone numbers and messaging programs that each of the subpoena recipients—including Messrs. Shapiro and Krauss—uses on their personal and employer-provided mobile devices. They have not complied. The Court gave them another opportunity months later, at which point Defendants asserted the subpoena recipients simply did not have "responsive, non-duplicative communications during

*Johnson, et al. v. Shapiro, et al.*
Case No. 1:26-mc-0052
February 5, 2026

the relevant time period exist[ing] on mobile devices in their possession, custody, or control." Plaintiffs have developed evidence to the contrary. This issue has been raised *three* more times with the Underlying Court to no avail. Regarding specifically Defendant Endeavor's refusal to comply with party discovery in the Underlying Class Actions, the Court has stated that "Endeavor shall NOT in the future refuse, without a court order, to participate[,]" and has advised that further such conduct could result in dispositive sanctions.

It is in this context that Plaintiffs seek a transfer of this dispute. Ultimately, these and other obstructionist activities have compelled Judge Boulware to take an active role in policing Defendants' compliance with Plaintiffs' discovery requests. Indeed, on January 22, 2026, Judge Boulware found Plaintiffs had made a preliminary showing of spoliation relating to years of missing data from at least two of Defendants' employees' phones. The Court has ordered those employees to appear and testify at a spoliation hearing, to be held on February 4 and 5, 2026, and directed Plaintiffs to file an omnibus motion to compel related to other outstanding subpoenas the Court has jurisdiction over, which is currently pending. ECF No. 366.

**3) Mr. Shapiro and Mr. Krauss are likely to possess relevant communications in their personal mobile devices, which they should be compelled to produce.** Both Mr. Shapiro and Mr. Krauss have participated in Endeavor and TKO's control and operation of the UFC, and were likely active in the decisions to acquire a controlling share of UFC in 2016, and then to acquire the rest of the company in 2023. Mr. Shapiro is President and COO of Endeavor, and President, COO, and Director of TKO. In 2016, when Endeavor's precursor WME-IMG purchased its controlling share in the UFC, Mr. Shapiro was its Chief Content Officer, charged with "identifying new revenue opportunities across IMG's businesses which encompass sports, fashion, model representation and events," according to contemporaneous press reports.[2] He likely played a key role in considerations and decision-making when Endeavor was conducting due diligence and then acquiring the UFC in 2016. Within months of the original acquisition, in November 2016, he was elevated to President and COO of Endeavor, where he continues to play a decisive role in the day-to-day operations of the UFC to this day.[3] Endeavor identified Mr. Shapiro in its initial disclosures as a person "likely to have information about Endeavor's role in supporting the UFC's business, if any." Endeavor also proposed Mr. Shapiro as a document custodian likely to possess relevant and responsive materials. Yet Defendants have refused to produce any discovery from his mobile devices.

Mr. Krauss holds the positions of Chief Administrative Officer & Chief Counsel for both Endeavor and TKO. As TKO's Chief Administrative Officer, Mr. Krauss likely has important decision-making authority over day-to-day operations for the UFC. Defendants claim that all of

---

[2] Claire Atkinson, *Mark Shapiro joins IMG unit*, NY Post, Sept. 4, 2014, https://nypost.com/2014/09/04/mark-shapiro-joins-img-unit/.

[3] *See e.g.*, Samuel Agini, *TKO president insists fans want 'super access' to sport*, Financial Times, Dec. 2, 2024, https://www.ft.com/content/af44d190-86b1-46c7-bcce-6c2c231e0cfa (quoting Mr. Shapiro: "When you control and own the league like we do with the . . . UFC, we're the owner, commissioner, and the coach all in one . . . We're only limited by our creativity.").

*Johnson, et al. v. Shapiro, et al.*
Case No. 1:26-mc-0052
February 5, 2026

Mr. Krauss's documents and communications are privileged, despite his role as Chief Administrative Officer, a non-legal position that relates to the core of TKO's business activities. It is well established that Defendants cannot claim privilege over Mr. Krauss's documents that evince a business purpose.

Adjudication of these subpoenas should be transferred to the District of Nevada to ensure consistent treatment of the subpoenas and to enable Judge Boulware to maintain control over discovery in the Underlying Class Actions. Plaintiffs recently filed eleven identical disputes as to local employees and directors within the Underlying Court's jurisdiction. These remain pending. Plaintiffs are also in the process of filing motions to compel and/or transfer related to the mobile devices of three other Defendant executives located in two other venues. Litigating these subpoenas in numerous venues heightens the risk of contradictory orders, and is just one of many circumstances warranting transfer.

Defendants' obstructionist activities are consistent with their practices throughout the fifteen years Judge Boulware has been hearing this and related cases. Early on in the *Le* case, Plaintiffs discovered a trove of 1.8 million documents responsive to Plaintiffs' requests for production which had been neither identified nor produced by Defendants. In another instance, Plaintiffs discerned from cross-referencing text messages that cell phones associated with three phone numbers had not produced even though the phones all belonged to a high-ranking official at the UFC.

The record of obstruction and obfuscation in this case, Judge Boulware's deep knowledge of Defendants' discovery conduct in particular and Plaintiffs' allegations in general, his stated intention to oversee this dispute, his ongoing efforts to maintain control over discovery, and the concern that this dispute being litigated in different districts will result in contradictory orders regarding relevance of the sought material are all exceptional circumstances meriting transfer under Federal Rule of Civil Procedure 45(f). Plaintiffs respectfully request that motion practice over these subpoenas be heard by Judge Boulware in Las Vegas.

Sincerely,

*/s/ William W. Castillo Guardado*

William W. Castillo Guardado (SBN: 5720966)
JOSEPH SAVERI LAW FIRM, LLP
40 Worth Street, Suite 602
New York, NY 10013
Telephone: (646) 527-7310
Email: wcastillo@saverilawfirm.com